[909 NYS2d 396]

In the Matter of JARED ANDERSON, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 26, 2010

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served a verified petition upon the respondent dated November 6, 2009. The respondent was directed to submit an answer to the petition within 20 days. The Grievance Committee now moves to impose discipline against the respondent upon his default in answering the petition within the time frame set forth by the Court in its order dated February 1, 2010.

The petition, containing six charges of professional misconduct, alleges that the respondent either converted or failed to safeguard funds entrusted to him as a fiduciary, failed to maintain required records for his attorney escrow account, and misrepresented pertinent facts to the Grievance Committee during the course of its investigation into a dishonored check.

On February 18, 2010, the respondent was personally served with a notice of petition, along with the petition and the decision and order of this Court dated February 1, 2010.

On March 16, 2010, counsel for the Grievance Committee attempted to reach the respondent and left a message on his answering machine.

On March 23, 2010, the respondent called the Grievance Committee. The respondent informed counsel for the Grievance Committee that he was meeting with an attorney the next day. Counsel for the Grievance Committee advised the respondent that he was already in default in answering the petition, and that he or his attorney had to contact the Court to seek an extension of time to file an answer.

To date, the respondent has failed to submit an answer to the petition or make an application for an extension of time in which to answer.

Although served with a copy of the instant motion, to date, the respondent has not submitted a response.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established and, effective

immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., SKELOS, DILLON, COVELLO and ROMAN, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Jared Anderson, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jared Anderson, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Jared Anderson, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jared Anderson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).